CARLTON, J.,
concurring in part and dissenting in part:
¶ 29. I respectfully dissent in part and concur in part. I would affirm the trial court’s grant of summary judgment in favor of Burwell as. to both malpractice claims asserted by Donovan. Thus, I join the majority in affirming the trial court’s grant of summary judgment as to the legal-malpractice claims involving the IRS proceeding. The majority, however, finds that Donovan’s claims against Burwell for legal malpractice in the Tax Commission proceeding were not barred by the statute of limitations. I disagree, and I therefore dissent in part. In applying the law to the facts of this case, I find that Donovan’s legal-malpractice claim against Burwell, regarding his representation in the Tax Commission proceedings, is barred by the expiration of the applicable statute of limitations.[10]
¶30. The statute of limitations for a legal-malpractice claim' “begins to run on the date that the client learns or, through the exercise of reasonable diligence, should learn of his lawyer’s negligence.” Evans v. Howell, 121 So.3d 919, 923 (¶ 19) (Miss.Ct.App.2013). The discovery rule, which tolls the statute of limitations in legal-malpractice cases, applies when “the plaintiff , will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or it may be applied when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.” Channel v. Loyacono, 954 So.2d 415, 421 (¶ 19) (Miss.2007) *734 (internal quotations omitted). The claim of legal malpractice in this case does not arise from “secretive or inherently undis-coverable” evidence, nor is it unrealistic for Donovan, as a “layman,” to perceive the injury at the time of the adverse ruling. See Evans, 121 So.3d at 924 (¶ 22); Channel, 954 So.2d at 421 (¶¶ 19-20). I submit that Donovan reasonably should have perceived the injury at the time the November 15, 2006 adverse ruling was issued by a public body. See generally Miss.Code Ann. § 27-77-5 (Supp.2015).[11]
¶ 31. Here, Donovan was on notice of the adverse decision and resulting harm of the order issued by the Tax Commission’s internal Board of Review on November 15, 2006, wherein the Board affirmed Donovan’s liability and reduced the amount owed to $409,838.39. As stated, legal-malpractice claims accrue when the client perceives the injury, or reasonably should have perceived it, at the time of the negligent act.[12] Legal-malpractice claims must be brought within three years after the claim accrues. In this case, Donovan’s legal malpractice claim against Burwell for representation in the Tax Commission proceedings accrued on November 15, 2006, the date the Tax Commission Board of Review issued its adverse written order. See generally Miss.Code Ann. § 27-77-5(3) (Board of Review notifies the taxpayer of its findings by mailing a copy of its order to the taxpayer). Accordingly, the statute of limitations began to run on November 15, 2006, and expired on November 15, 2009. Since Donovan filed his legal-malpractice claim against Burwell for the Tax Commission representation on January 7, 2011, well over a year after expiration of the statute of limitations, then I submit that we must affirm the trial court’s grant of summary judgment on that basis. See Evans, 121 So.3d at 925 (¶¶ 28-30) (finding the cause of action accrued when the client signed the agreement and the terms were on the face of the agreement).
¶ 32. In the case of Channel, 954 So.2d at 421 (¶¶ 19-20), the Mississippi Supreme Court held that a legal-malpractice cause of action accrued, and the statute of limitations began to run, when the lawyers presented their clients with settlement offers, and not on a later date, when the clients were advised of legal-malpractice claims. The Channel court explained that the discovery rule does not toll the statute of limitations unless the harm or injury was secretive or inherently undiscoverable, such as when physical evidence is undis-coverable, “or it may be applied when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.” Id.[13] See also Stephens, 850 So.2d at 83 (¶ 16) (statute of limitations began to run when plaintiff signed contract); Archer, *735 633 F.Supp.2d at 269 (The terms “were apparent on the face of the loan documents and with due diligence each could have easily determined that they had not been offered the ‘best’ rate”; as a result, “[n]either the discovery rule nor the doctrine of fraudulent concealment tolled the statute of limitations.”). Since the clients in Channel were presented with the settlement offers, they were able to see the terms of the settlement agreement. As a result, the cause of action in Channel accrued because the clients knew or reasonably should have known the terms of the settlement and any harm resulting therefrom. Channel, 954 So.2d at 422 (¶¶ 22-23); see also Evans, 121 So.3d at 924 (¶ 22).
¶ 33. After reviewing the record, I find that it reflects that the adverse ruling issued by the Tax Commission Board of Review on November 15, 2006, was not secretive or inherently undiscoverable. Additionally, I submit that the evidence shows that the adverse ruling provided Donovan, as a “layman,” with sufficient notice of his claim for legal malpractice.[14] I therefore dissent in part and concur in part.
LEE, C.J., AND GRIFFIS, P.J., JOIN THIS OPINION.

. See Miss.Code Ann. § 15-1-49 (Rev.2012) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after .the cause of such action accrued, and not after.”).

. For a discussion of tax-assessment appeals, see Donald Campbell, Jeffrey Jackson & Mary Miller, 8 Encyclopedia of Mississippi Law § 70:46 (2015), providing:
A taxpayer who disagrees with an assessment made by the Commissioner may apply for an administrative hearing before the board of review. The board of review is composed of three employees of the State Tax Commission appointed by the Commissioner. ... After reaching a decision, the board of review must notify the taxpayer of its determination [as required by section 27-77-5(3) ].

. See Stephens v. Equitable Life Assur. Soc’y of U.S., 850 So.2d 78, 83 (¶ 16) (Miss.2003); see generally Archer v. Nissan Motor Acceptance Corp., 633 F.Supp.2d 259, 262 (S.D.Miss.2007).

. The application of the discovery rule to toll those claims where the negligence is secretive or inherently undiscoverable, or where "it would be impractical to require a layperson to have discovered the malpractice at the time it happened!,]” is addressed specifically in Evans, 121 So.3d at 923 (¶ 19).

. Under controlling precedent, a cause of action accrues for legal malpractice when a client learns, or through the exercise of reasonable diligence should learn, of his lawyer’s negligence. Evan's, 121 So.3d at 923 (¶ 19); Channel, 954 So.2d at 421 (¶¶ 19-20).